## W. P. GRAYSON *v.* STENGEL & RENTHER.

**Dedication—Streets and Alleys—Sale of Lots—Maps and Plats—Easements—Street Improvement.**

Appellant was the owner of the ground west of Cabell street, in the City of Louisville, and desiring to sell, divided it into lots and staking off a continuation of Franklin street the same width as east of Cabell street; he proclaimed at his auction sale, at which lots on both sides were sold, that they only came up to it as it was for a street but if the city wanted it, it would have to buy it from him. This, therefore, involves the question first whether this was a dedication so far as the lot holders are concerned, and if so, secondly, whether the reservation as against the city was inconsistent therewith. Held that when a proprietor makes a plat of his lots designating a space between them as a street, that this raised a presumed dedication of that space to public use, not that it was an absolute dedication.

**Same—Legal Title—Purchasers—Public Easement.**

Held, that the sale of the lots on either side of the space designated as a street carries the legal title to the purchasers to the middle of such space, subject, however, to the public easement.

**Same—Legal Custody and Control of Space Passed to the City.**

As the proprietor parted with the legal title to one-half of this space in front of each lot as he respectively conveyed them, and only retained

it in trust for the purchasers when the legal title was not conveyed, and as this gave the purchasers the right to have said space opened and improved so as to facilitate the ingress and egress to and from their lots, no legal title by such dedication passed to the city but only the legal custody and control of it as a public highway, he could not reserve the right to make the city pay for this custody so far as he parted with the title to the lots.

**Same—A Different Question Arises Where the Proprietor has not Parted With the Legal Title to Lots Adjoining Said Space.**

So far as the proprietor did not sell or convey the lots he retained the legal title to this space charged with the same easement, but with a legal right to all accretions to himself. Held: that the dedication for a valuable consideration, to the public use to the owners and a reservation against the city amounted to nothing as he retained the legal title to the space in front of th unsold lots, charged with the same public use. The city as a representative of each citiezn and the public necessarily becomes a trustee and custodian of this space and therefore the proprietor has no claim against the city in its corporate capacity.

**Same—Reservation Against Improvements.**

It is possible that the reservation against charging him for improvements might be considered as binding being part of the original dedication and entering into its consideration.

APPEAL FROM LOUISVILLE CHANCERY COURT.

February 10, 1869.

OPINION OF THE COURT BY JUDGE WILLIAMS:

Appellant being sued for a *pro rata* allowance, on a lot of 103 feet front on Fanklin street, for street improvement resisted, it because no valid ordinance authorizing it had been enacted, and made his answer a cross-petition setting out that he is the owner of the ground on which Franklin street is laid out west of Cabell street and north of a 20-foot alley, "if there be one," that said ground fronts Cabel street 40 feet and back 150 feet and is worth $30 per front foot on the latter street, that it had never been condemned nor dedicated, and is his private property, and he prays judgment against the city for $1,200.

The court adjudged against him for the street improvement and dismissed his cross-petition absolutely, and he seeks a correction of three alleged errors. As the ordinance is of the same character

as in *Hydes & Goose vs. Joyce and Gathoff Ford,* decided at the present term, the judgment must be reversed for the same reasons so far as the street improvements are involved.

But the dismissal of the cross-petition involves a very different question. Grayson was the owner of the ground west of Cabell street, and desiring to sell divided it into lots in the year 1857, staking off a continuation of Franklin street the same width as east of Cabell street; he proclaimed at his auction sale, at which lots on both sides were sold, that they only came up to it as it was for a street, but, the witness says his understanding was that 'if the city wanted it before he was ready they would have to buy it of him." He did not want to be compelled to grade and improve the street before his lots were sold. This, therefore, involves the question, first, whether this was a dedication so far as the lot hold-ers are concerned, and if so, secondly, whether the reservation as against the city was inconsitsent therewith.

It has often been held by this and other courts that when a proprietor made a plat of his lots designating a space between them as a street that this raised a presumed dedication of that space to public use, not that it was an absolute conveyance.

But as was said by the Supreme Court of the United States in *Banks vs. Ogden, 2 Wal., 67,* the sale of the lots on either side of such a space carries the legal title to the purchaser to the middle of such space, subject, however, to the public easement, but with the legal right of accretion.

And this doctrine was approved by this court in *Berry vs. Suycles et al, 3 Bush., 285,* and in *City of Louisville vs. Louisville Rolling Mill Co., same book, 425.*

If the leaving an open space on a mere plat carries the presumption of a dedication to public use, how much stronger that presumption becomes when the space is actually staked off on the ground and a public proclamation made at the sales that it is for a street and has so remained open for ten or twelve years' time with reservations of right of claim against the city, but, as to the purchasers it is to all intents a dedication and the conveyance of the respective lots carry the legal title to one-half the space in their fronts, subject only to the public easement. As the proprietor parted with the legal title to one-half of this space in front of each lot as he respectively conveyed them, and only retained it in trust for the purchaser when the legal title to have said space

opened and improved so as to facilitate the ingress and egress to and from their lots and really no legal title by such dedication passed to the city, as a *quasi* corporation, but only the legal custody and control of its public highways, whether streets or alleys, it is not easy to see how he could reserve a right to make the city pay for this custody so far as he has parted with the lots and thereby with this open space for the public use of the owners with all the rights incident to such public use.

But as he now owns 103 feet front on said street, whether by retaining his original title or repurchasing it since selling after the laying off said street does not appear, it is a more serious question wether so far as he may never have parted with the legal title to half this open, staked off space, as a street, he is not entitled to remuneration from the city.

By the dedication he donated the use of the entire space to the public use of the property owners thereon; by the conveyance of each respective lot he conveyed half this space in its front, still, however, charged with the public easement, and so far as he did not sell nor convey the lots he retained the legal title to this space charged with the same easement, but with the legal right to all accretions to himself. The logical and legal consequence, therefore, of this dedication, for a valuable consideration, to the public use of the owners and purchasers of the lots was that a reservation as against the city amounted to nothing, for he had nothing to reserve as against it, having parted with the public use to the purchasers and the legal title to half the space in front of each lot as he conveyed it, he must retain the legal title to the space in front of the unsold lots charged with the same public use; and as each proprietor could not control this public use the city as the representative of each citizen and the public necessarily becomes, under our legal system, the trustee and custodian of this and being legally invested with the custody of this public use of the proprietors it gets nothing outside of it from Grayson, and therefore he has no claim as against the city in its corporate capacity.

It is possible that the reservation against charging him for improvements might be considered as binding, being part of the original dedication and entering into its consideration, but as the city cannot for other reasons charge him, this question need not be decided.

Wherefore, the judgment is reversed so far as the claim for street improvements are concerned, and *affirmed* as to the dismission of appellant's cross-petition.

*Worthington, for appellant.*

*Bullitt, for appellees.*